UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC.,<br><br>          Plaintiff,<br><br>v.<br><br>JOHN DOES 1 THROUGH 5,<br><br>          Defendants. | No. 12-CV-1354-LAB (WVG)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE**<br><br>[DOC. NO. 4] |

      Pending before the Court is Plaintiff Malibu Media, LLC's ("Plaintiff") *Ex Parte* Application for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference. (Doc. No. 4.) For the reasons stated below, Plaintiff's *Ex Parte* Application is GRANTED.

### I. BACKGROUND

      On June 5, 2012, Plaintiff filed a Complaint against Does 1 through 5 ("Defendants"), alleging direct and contributory copyright infringement. (Doc. No. 1.) Plaintiff purports to be the registered owner of thirty movies that were converted into a single torrent file,[1] and were allegedly copied and distributed by Defendants through use of the BitTorrent protocol.[2] (Doc. No. 1 at 4.)

---

[1] Exhibit B of Plaintiff's Complaint lists the thirty movies at issue and their corresponding registration numbers from the United States Copyright Office. (Doc. No. 1 at 4; Exh. B.)

[2] According to Plaintiff, BitTorrent is one of the most common peer-to-peer file sharing protocols for distributing large amounts of data. (Doc. No. 1 at 4.) The BitTorrent protocol has the ability to distribute a large file without creating a heavy load on the source computer and network. Id. BitTorrent users join a "swarm" of host computers to download and upload from each other simultaneously. Id.

1   On June 6, 2012, Plaintiff submitted an *Ex Parte* Application to this Court, requesting leave to serve Rule 45 subpoenas on the Internet Service Providers ("ISPs") in order to obtain the true identities and contact information of the Doe Defendants. (Doc. No. 4 at 2; Kushner Decl. ¶ 2; Exh. B.) Plaintiff seeks to obtain the true name, address, telephone number, e-mail address, and Media Access Control ("MAC")[3/] address that corresponds to each IP address. (Doc. No. 4 at 2.)

Plaintiff claims that expedited discovery is necessary because, without the names and contact information associated with each IP address allegedly involved in the BitTorrent swarm, Plaintiff cannot serve the Defendants, nor pursue this lawsuit to protect its valuable copyrights. (Doc. No. 4 at 2.) Attached as Exhibit B to Plaintiff's *Ex Parte* Application is a list of five Internet Protocol ("IP") addresses corresponding to the dates and times of the copyright infringement alleged in Plaintiff's Complaint. (Doc. No. 1; Doc. No. 4; Exh. B.) All five of the IP addresses listed in Exhibit B are allegedly located within the Southern District of California. (Doc. No. 4; Exh. B.)

## II. LEGAL STANDARD

Generally, a party may not initiate discovery before the parties have satisfied the meet and confer requirement of Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). A court may grant a request to take discovery prior to the parties' meeting under Rule 26(f) where the requesting party demonstrates good cause. See Semitool, Inc. v. Tokyo Electon Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); U.S. v. Distribuidora Batiz CGH, S.A. DE C.V., 2009 WL 2487971, at 10 (S.D. Cal. 2009). A balancing test is used to determine the presence of good cause. See Semitool, 208 F.R.D. at 267-268. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276.

Good cause is often found by courts in Internet infringement cases where the party seeking expedited discovery of a Doe defendant's identity establishes the following:

1.   A prima facie case of infringement;

---

[3/] A MAC address is a number that identifies the specific computer used for the infringing activity. (Doc. No. 4 at 2.)

    2.    There is no other way to identify the Doe defendant; and,

    3.    There is a risk that the ISP will destroy its logs prior to the Rule 26(f) conference.

See UMG Recordings, Inc. v. Doe, 2008 WL 4104214, at 4 (N.D. Cal. 2008).  In UMG Recordings, the court explained,

> [I]n considering "the administration of justice," early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation.  As for the defendant, there is no prejudice where the discovery request is narrowly tailored to only seek their identity.

Id. (citations omitted).

Further, the Ninth Circuit has held that when the defendants' identities are unknown, courts may grant leave for plaintiffs to take expedited discovery in order to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Courts in this district have found that Doe defendants must be identified by the plaintiffs with sufficient specificity by providing both the unique IP addresses, and the alleged physical point of origin assigned to each IP address, on the day of the purported infringement. See 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash, No. 12-CV-0186-MMA-RBB, ECF No. 7, at 8 (S.D. Cal. May 4, 2012) (opinion by Judge Brooks); Malibu Media, LLC v. John Does 1-12, No. 12-CV-1059-MMA-BGS, ECF No. 8, at 4 (S.D. Cal. June 12, 2012) (opinion by Judge Skomal). These courts have determined that the requested expedited discovery may be granted if the alleged physical point of origin is within this Court's judicial district, however, if it is outside the Court's judicial district, the complaint may be dismissed for lack of jurisdiction and therefore expedited discovery will not be granted for that individual IP address. 808 Holdings, LLC, No. 12-CV-0186-MMA-RBB, ECF No. 7, at 10-13; Malibu Media, LLC, No. 12-CV-1059-MMA-BGS, ECF No. 8, at 6.

### III. DISCUSSION

This Court has reviewed the allegations in the Complaint and finds that Plaintiff has alleged a prima facie case of direct and contributory copyright infringement against the Doe Defendants.[4]

---

[4] Although Plaintiff's Complaint alleges contributory infringement as both Count I and Count II, the Court believes this to be a typographic error. (Doc. No. 1 at 8, 10.) In its Introduction to the Complaint, Plaintiff alleges that each Defendant is liable for direct and contributory infringement. Id. at 2.

1  (See Doc. No. 1.) Plaintiff has also alleged that it is unable to identify the Doe Defendants without
2  obtaining early discovery from the ISPs. (Doc. No. 4 at 2.) Finally, Plaintiff has alleged that ISPs
3  maintain internal logs which record the date, time, and customer identity for each IP address
4  assignment, and that these logs may be maintained for only a short period of time. Id. Plaintiff has
5  provided the alleged physical point of origin assigned to each IP address, and each address is located
6  within this Court's jurisdiction. (Doc. No. 4; Exh. B.)

7  **IT IS HEREBY ORDERED** that:

8    1.    Pursuant to Federal Rule of Civil Procedure 45, Plaintiff may obtain and serve
9  subpoenas to Cox Communications, EarthLink, and Road Runner for the sole purpose of obtaining
10 the names and addresses of the subscribers using the five IP addresses identified in Exhibit B, at the
11 precise dates and times identified. (Doc. No. 4; Exh. B.) The identified ISPs shall have fourteen (14)
12 calendar days after service of the subpoena to notify its subscriber that Plaintiff has subpoenaed his
13 or her identity. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar
14 days from the date of such notice to challenge the disclosure to Plaintiff by filing an appropriate
15 pleading with this Court contesting the subpoena. The ISP, if it intends to move to quash the
16 subpoena, must do so prior to the return date of the subpoena. The return date of the subpoena must
17 allow for at least forty-five (45) days from service to production. If a motion to quash or other
18 customer challenge is brought, the ISP must preserve the information sought by Plaintiff pending
19 resolution of the motion or challenge.

20   2.    Plaintiff may only use the information disclosed pursuant to these subpoenas
21 exclusively in pursuing this litigation.

22   3.    Plaintiff shall serve a copy of this Order to the named ISPs with any subpoena
23 obtained and served pursuant to this Order. The ISPs, in turn, must provide a copy of this Order,
24 along with the required notice, to any subscriber whose identity is sought pursuant to this Order.
25 //
26 //
27 //
28 //

## IV. CONCLUSION

The Court finds that Plaintiff has demonstrated good cause to warrant the expedited discovery requested. Therefore, Plaintiff's *Ex Parte* Application for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference is GRANTED.

IT IS SO ORDERED.

DATED: July 9, 2012

_____
Hon. William V. Gallo
U.S. Magistrate Judge